UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**United States of America,**

      **Plaintiff,**      Case Number: 13-50226

  vs.

                        **District Judge Marianne O. Battani**

**Mona Jendo,**             **Magistrate Judge Mona K. Majzoub**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** Defendant's Objection to Writ of Continuing Garnishment (docket no. 14) should be **DENIED**.

**II.**     **REPORT**:

    **A.**     **Facts and Procedural History**

This matter comes before the Court on Defendant's request for a hearing about the garnishment and claim for exemptions. (Docket no. 14). The Court will construe Plaintiff's request as an objection to garnishment. Plaintiff has filed a response. (Docket no. 17). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(3). (Docket no. 18). The Court heard oral argument on the matter on May 8, 2013. This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

Defendant was convicted of one count of Conspiracy to Commit Wire Fraud in violation of

---

[1]Post-judgment objections to garnishment are not pretrial matters, thus a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003).

1

18 U.S.C §§ 1349 and 1343 (Food Stamp Fraud) and was ordered to pay $100.00 in special assessments and $1,899,965.00 in restitution. (Docket no. 17). To date, Defendant has made payments totaling $850.00 and currently owes $1,894,489.18. (Docket no. 17). On February 11, 2013, Plaintiff applied for a writ of continuing garnishment seeking to obtain funds belonging to Defendant Mona Jendo held at garnishee Merrill Lynch Pierce Fenner & Smith, Inc. (Docket no. 2). Service of the writ was made on Merrill Lynch on February 19, 2013. (Docket no. 5). On March 11, 2013, Merrill Lynch served its answer which disclosed two accounts belonging to Defendant, an Individual Retirement Account (IRA) valued at $91,450.91 and one Cash Management Account (CMA) valued at $74,679.75. (Docket no. 13).

On March 18, 2013, Defendant filed the instant request for hearing on Plaintiff's application for writ of garnishment. (Docket no. 14). In her request, Defendant argues that at least one of her accounts with Merrill Lynch is exempt because it is an IRA. (Docket no. 14).

**B.      Analysis**

Under the Mandatory Victims Restitution Act (MVRA), the United States is responsible for collecting unpaid restitution for the purpose of making the victim whole. 18 U.S.C. §§ 3612 and 3613. The MVRA, pursuant to § 3664(m)(1)(A)(I), "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means." *United States v. Ekong,* 518 F.3d 285, 286 (5th Cir. 2007) (citation omitted); *United States v. Miller*, 588 F.Supp.2d 789, 797 (W.D. Mich. 2008). The government is specifically permitted to enforce a criminal order for restitution against all nonexempt property of a defendant. 18 U.S.C. § 3613(a).

The Federal Debt Collection Procedure Act (FDCPA) authorizes the Court to enter a writ of garnishment against property "in which the debtor has a substantial nonexempt interest and which

is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Compliance with the statutory requirements for the issuance of a writ of garnishment requires in part that the writ be issued not less than thirty days after demand on the debtor was made for payment of the debt. 28 U.S.C. § 3205(b)(1)(B). The United States has an obligation to serve the garnishee and the judgment debtor with a copy of the writ of garnishment. 28 U.S.C. § 3205(c)(3). After the garnishee files an answer to the writ, the judgment debtor has twenty days to file a written objection and request a hearing. 28 U.S.C. § 3205(c)(5).

Hearings are limited to the following issues: (1) the probable validity of any claim of exemption by the judgment debtor; (2) compliance with any statutory requirement for the issuance of the writ of garnishment; and (3) if a default judgment was entered, the probable validity of the claim for the debt and the existence of good cause for setting aside the judgment. 28 U.S.C. § 3202(d)(1)-(d)(3). A claimed exemption of annuity or pension benefits may be the proper subject matter of a hearing. However, such annuities or benefits–assuming the defendant receives such–can be claimed as exempt only if they stem from railroad employment, service in the armed forces, or constitute payments under Chapter 73 of Title 10 of the United States Code. I.R.C. § 6334(a)(6).

Property exempt from garnishment is set forth in 18 U.S.C. § 3613(a). Defendant has not made any specific, identifiable objections to the garnishment and has claimed no exemptions, other than stating on her request for a hearing that her account is exempt because it is an IRA. (Docket no. 14). Plaintiff contends that, although one of Defendant's accounts is an IRA, the property garnished does not consist of pension payments or annuities of the kind – railroad, armed forces, or payments under Chapter 73 of Title 10 of the United States Code – that can be claimed as exempt.

3

(Docket no. 14). Plaintiff also notes that Defendant has not raised the Government's statutory compliance as an issue. (Docket no. 14.) Additionally, Plaintiff argues that, although some courts have permitted review of a defendant's financial circumstances when presented with a properly supported claim of economic hardship, in this instance, Defendant Jendo has not raised a specific claim or economic hardship, nor has she provided any basis for denying garnishment of her Merrill Lynch accounts. (Docket no. 14).

Plaintiff's argument is persuasive. 18 U.S.C. § 3613(a) provides that the United States may enforce a judgment imposing a fine against all property or rights to property of the person fined, other than for the limited exceptions listed in the statute. Defendant has not met her burden of establishing that any of the applicable exemptions apply to the accounts in question. Accordingly, this Court recommends that Defendant's objections to the writ of garnishment be denied. It is further recommended that the following order be entered:

1. Garnishee must liquidate all of the assets in account number XXX-XX872 and remit all of the funds and proceeds from account number XXX-XX872 to the United States;
2. Garnishee must liquidate all of the assets in account number XXX-XX105 and remit all of the funds and proceeds from account number XXX-XX105 to the United States;
3. Upon receipt of the proceeds from Merrill Lynch, the United States must acknowledge that the writ of garnishment issued on February 11, 2013 directed to Merrill Lynch is hereby dissolved, and all freezes imposed on Defendant's accounts be released. Merrill Lynch must be released from any further obligation or liability under the February 11, 2013 writ of garnishment.
4. Funds remitted by the Garnishee should be sent to the Clerk of the Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette, 5th Floor, Detroit, MI 48226, and
5. The Clerk of Court should disburse said funds in accordance with the provisions in case number 09-CR-20313-02.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 22, 2013                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Mona Jendo and Counsel of record on this date.

Dated: July 22, 2013                        s/ Lisa C. Bartlett
                                                             Case Manager